NUMBER 13-04-052-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

                                                                                                                     


 

VIPUL PATEL,                                                                                 
Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                  Appellee.

                                                                                                                                      


On appeal from the 347th District
Court of Nueces County, Texas.

                                                                                                                      


MEMORANDUM OPINION

 

                          Before
Justices Yañez, Castillo, and Garza

                            Memorandum
Opinion by Justice Garza

 








Appellant, Vipul Patel, was found guilty of sexual
assault by penile penetration.  See Tex. Pen. Code. Ann. ' 22.011 (Vernon Supp. 2004-05).  Appellant was sentenced to two years= confinement in the Texas Department of Criminal
Justice, and assessed a $5,000 fine. 
Appellant=s sentence was suspended and he was placed on
community supervision for five years. 
Appellant now challenges his conviction by a single issue, contending
that the trial court erred by refusing to allow him to cross-examine the victim
about her prior sexual experience with condoms.  We affirm the conviction.     

A trial court has considerable discretion in
determining whether to exclude or admit evidence.  See Montgomery v. State, 810 S.W.2d
372, 379 (Tex. Crim. App. 1991) (en banc). 
An abuse of discretion is shown only where the trial court=s decision was made without reference to any guiding
rules or principles or, in other words, if the decision was arbitrary or
unreasonable.  Id. at 380.  Even if this Court would have reached a
different result, we will not intervene as long as the trial court=s ruling is within the Azone of reasonable disagreement.@  Id.
at 391 (op. on reh=g).  Exclusion
of evidence does not result in reversible error unless the exclusion affects a
substantial right of the accused.  Tex. R. App. P. 44.2(b).  








Texas Rule of Evidence 412 prohibits the admission
of evidence of specific instances of an alleged sexual assault victim=s past sexual behavior unless it is evidence (A)
necessary to rebut or explain scientific or medical testimony offered by the
State, (B) of past sexual behavior with the accused that is offered by the
accused on the issue of whether the alleged victim consented to the sexual
behavior which is the basis of the offense charged, (C) that relates to the motive
or bias of the alleged victim, (D) that is admissible under Rule 609, or (E)
that is constitutionally required to be admitted.  See Tex.
R. Evid. 412(b)(2).[1]  Furthermore, before a trial court may admit
such evidence, it must find that its probative value outweighs the danger of
unfair prejudice.  Tex. R. Evid. 412(b)(3).       Appellant
asserts that the trial court erred by not allowing him to interrogate the
complaining witness about her prior experience with condoms and thus violated
his Sixth and Fourteenth Amendment rights to confrontation and due process.  Appellant claims that by disallowing the
cross-examination, he was deprived of the opportunity to impeach the
complaining witness.  Appellant contends
that he could have used the cross-examination to impeach the victim=s testimony that she did not know whether he wore a
condom during the assault.[2]  Appellant testified that he put a condom on
his penis while the victim watched.  He
argues that such evidence tends to show consensual sex because it is unlikely
that he could have struggled with the victim while putting on a condom.  

The victim testified that appellant, who was her
manager at her place of employment, manhandled her and pulled off her clothes
during her third day of work at a Subway restaurant.  She testified that appellant forcibly
penetrated her vagina with his finger and had sexual intercourse with her.  The victim further testified that she was not
paying attention to whether or not appellant used a condom.  The State also elicited testimony from Nurse
McLaughlin, who testified that, under such circumstances, it was very common
for the victim not to know whether a condom was used.[3]









The trial court conducted an in camera hearing to
determine the admissibility of appellant=s proposed cross-examination of the victim.  See Tex.
R. Evid. 412(c).  During the in
camera examination, the victim testified 
that she had previously used condoms during sexual intercourse. The
State countered that this evidence was irrelevant because the victim=s knowledge of how to use a condom or whether she
had ever used one is inadmissible and irrelevant in this situation.  The State further argued that such testimony
did not meet any of the criteria listed in rule 412(b)(1) and (2).  See Tex.
R. Evid. 412(b)(1), (2).  Appellant
asserted that the testimony could be used to refute the victim=s statement that she was unsure whether a condom had
been used.  In response, the State
contended that rule 412 is meant to be used to rebut physical evidence in the
medical record, not testimony given during medical diagnosis.  Appellant further argued that the victim=s consent was the only issue in this case and that
the evidence developed during the in camera hearing could be used to impeach
her credibility.  Without stating the
reasons for its ruling, the trial court did not allow the proposed
cross-examination.    

The excluded testimony only establishes that the victim had previously
used condoms during sex.  It does not
establish that the sexual intercourse between she and appellant was
consensual.  Moreover, we agree with the
State=s contentions both at trial and on appeal that the
evidence does not fall within any of the rule 412 exceptions for admitting
specific instances of previous sexual conduct. 
See Tex. R. Evid.
412(b).  Therefore, the trial court=s ruling was not an abuse of discretion. 








In overruling appellant=s sole issue, we note that appellant=s defensive theory of consent was well developed at
trial.  Defense counsel presented both
evidence and argument to show the victim=s consent by appellant=s use
of a condom.  Appellant testified that he
used a condom while having sex with the victim and that it broke during
intercourse.  A police officer who
investigated the alleged crime scene confirmed that an empty condom wrapper was
found at the restaurant.  Testimony was
also elicited from the victim, who stated that she was unsure whether appellant
used a condom but acknowledged the possibility that he did so without her
knowledge.  Thus, notwithstanding the
exclusion of testimony regarding specific instances of the victim=s prior sexual conduct, the jury was allowed to
consider evidence and argument to prove that the sexual intercourse was
consensual based on appellant=s claim that he used a condom.  The jury ultimately rejected appellant=s version of events and resolved the conflicting
evidence in favor of the State.  It is
not our prerogative to second guess the finder of fact, as we are in no
position to judge the credibility and demeanor of witnesses based on the cold
record before us.  See Bonham v. State,
680 S.W.2d 815, 819 (Tex. Crim. App. 1984) (en banc) (explaining that it is the
jury=s job to resolve any conflicts in the
evidence).  Nevertheless, we find it
significant that appellant was by and large unhindered in his presentation of a
defensive theory of consent based on condom use.  The jury simply rejected his version of
events.         The judgment of the trial court is affirmed.   

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Do not publish.                                              

Tex.R.App.P. 47.2(b)

Memorandum Opinion delivered and 

filed this the 28th day of July, 2005.











[1] Under Texas Rule of Evidence 609,
evidence that the witness has been convicted of a crime shall be admitted for
the purpose of attacking the credibility of the witness.  See Tex.
R. Evid. 609.   





[2] The evidence pointed to condom use
because an empty condom wrapper was found at the scene of the assault. 





[3] McLaughlin is the Sexual Assault
Nurse Examiner who examined the victim after the alleged attack.